## CARTIER v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Sixth Circuit. February 14, 1930.

No. 5383.

Robert Ash, of Washington, D. C. (T. J. Reilly, of Washington, D. C., on the brief), for petitioner.

John G. Remey, of Washington, D. C. (Sewall Key, C. M. Charest, and Frank M. Thompson, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN and HICKENLOOPER, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge. This is a petition to review an order of the United States Board of Tax Appeals. The record presents only one question, viz.: The value of common stock in the Star Watch Case Company of Ludington, Mich., on March 1, 1913.

In 1906 petitioner bought three hundred and twenty shares at $100 per share, or par. In 1920 he sold the same stock for $500 per share. Thus the amount of his profit, for taxing purposes, depends on the value of the stock on March 1, 1913.

The corporation was a close corporation with only four shareholders. In 1909 one of the shareholders purchased a hundred shares from another shareholder at $110, and then, a year later, sold one-third of the stock so purchased at $111 per share. These were the only stock sales till 1920. However, in August, 1913, a relative of one of the stockholders offered to purchase 10 shares from the petitioner at $300 per share, and the petitioner declined the offer.

Previous to March 1, 1913, there had been three dividends declared and paid, one of 5 per cent. in 1911, one of 6 per cent. in 1912, and another of 6 per cent. in 1913. The book value of the stock was slightly in excess of $150 per share. The books were conservatively kept, and no good will was carried on the books. The appraised value for insurance purposes, of the company's property, was nearly twice the amount of the book value. Some testimony was introduced as to the effect of the case of the United States v. Keystone Watch Case Co. (D. C.) 218 F. 502 (a proceeding under the anti-trust law which was begun in 1911) on the "good will" and future prospects of the Star Watch Case Company. As the Keystone Case was not decided till early in 1915, it is difficult to see how the mere inauguration and pendency of the suit could have added value to the stock of the Star Watch Case Company, in March, 1913.

This is a summary of the testimony on which the Board of Tax Appeals fixed the value of the stock of the Star Watch Case Company at $150 per share as of March 1, 1913.

The finding of the Commissioner is supported by the three small dividends declared previous to March, 1913; the only sales of stock near to that time at $110 and $111, respectively; and the book value of the corporation.

The offer of $300 made in the summer of 1913 was for a trivial amount of stock only.

Stock in a close corporation is notoriously hard to sell. There is no market except that afforded by the few other stockholders. The evidence does not clearly show a value of this stock above that fixed by the Board.

The finding of the Board is accordingly affirmed.